**FILED**

AUG 2 3 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PETITIONER IN PRO SE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

LILLIE MAE JEFFERSON, et. al.
    PLAINTIFFS,

v.

CLINTON KILLIAN, et. al.,
Defendant(s).

Case No. C07-02992 MEJ

**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

Plaintiffs submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**DESCRIPTION OF THE CASE**

1. A brief description of the events underlying the action:

    On April 28, 2005, at Mount Zion Spiritual Temple's celebration of the birth date its founder, the Late Bishop/King Dr. Louis H. Narcisse. King Narcisse had passed in 1989. Until 2005, the Archbishops and bishops of the Church had not named a successor.

    On April 29, 2005, the Church also held a special business meeting, vacancies of the church's board of trustees were announced, a nomination and election were held to fill the

-1-

nominations. (Corporation Code, § 9418. Judicial determinations of validity of election or appointment)[1].

The Archbishops, Bishops and Church of the Church named Plaintiff King Dr. Eddie C. Welbon to succeed Late Dr. Narcisse as the new king and spiritual leader of the Church. "Kingship" or the power or authority of the Bishops of the Church are/were not subject to § 9418, or the Court's secular authority.

After King/Bishop succeeded the Late King Narcisse, and the April 28, 2005 election of new Church trustees, defendant Clinton Killian, Oakland City Planning Commissioner combined with former ousted Church trustees and fraudulently sold off the Church's parking lot for condominium development as part of the City of Oakland's 10K Housing Initiative. Title to the Church property that the defendants sold had vested in the new King/Bishop of the Church, and the New King and trustees of the Church voided the fraudulent sale of the Church's charitable assets.

---

[1] **9418.** (a) Upon the filing of an action therefor by any director or member, or by any person who had the right to vote in the election at issue after such director, member, or person has exhausted any remedies provided in the articles or bylaws, the superior court of the proper county shall determine the validity of any election or appointment of any director of any corporation.
  (b) Upon the filing of the complaint, and before any further proceedings are had, the court shall enter an order fixing a date for the hearing, which shall be within five days unless for good cause shown a later date is fixed, and requiring notice of the date for the hearing and a copy of the complaint to be served upon the corporation and upon the person whose purported election or appointment is questioned and upon any person (other than the plaintiff) whom the plaintiff alleges to have been elected or appointed, in the manner in which a summons is required to be served, or, if the court so directs, by registered mail; and the court may make such further requirements as to notice as appear to be proper under the circumstances.
  (c) The court, consistent with the provisions of this part and in conformity with the articles and bylaws to the extent feasible, may determine the person entitled to the office of director or may order a new election to be held or appointment to be made, may determine the validity of the issuance of memberships and the right of persons to vote and may direct such other relief as may be just and proper.

Thereafter, defendant Killian and the former ousted members and trustees of the Church instituted a reign and campaign of harassment, persecution to unlawfully take control of the internal affairs of the Church, and drive the new King/Bishop and trustees away.

Nevertheless, after a full judicial and evidential hearing, Judge Stephen A. Brick found that Dr. Eddie C. Welbon had succeeded to the title held by "His Grace" King Dr. Louis H. Narcisse, and that judgment of the Court has not been set aside.

Plaintiffs in this instant case complain of the wrongful acts, and the extrinsic frauds of the defendants against **"HIS GRACE" BISHOP-KING DR. EDDIE C. WELBON, the ARCHBISHOPS-BISHOPS, CHURCH TRUSTEES AND THE DOCIESE.**

2. The principal factual issues which the parties' dispute:

The new King's ("His Grace" Dr. Eddie C. Welbon) authority and power over the charitable property, and the internal affairs of the Church.

3. The principal legal issues which the parties dispute:

Defendant Clinton Killian as counsel for the allegedly wronged corporate representative of the Church (Lillian Roberts), the sole moving party plaintiff of the case, forged that party's name to court documents over her abandonment of the case to proceed to take a judgment, permanent injunction in the case against "His Grace" King Dr. Eddie C. Welbon, and other Church members barring them from the Church.

> I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on this date at Oakland, California.
>
> Dated: May 26, 2005
>
> _Lillian Roberts_
> PRINCESS LILLIAN ROBERTS

1. Signature of Former City Commissioner Clinton Killian that was the basis of a December 26, 2006 Judgment after Court Trial. Killian forgot the "Princess". See Below.

2. Clinton Killian's Signature

-3-

1
2  _Clint Kill_ —————— Clinton Killian's Signature
3  3. True Signatures of Clinton Killian's only Party-Litigant, Princess Lillian Roberts
4
   22    I declare under penalty of perjury under the laws of the State of California that the foregoing is
5  23    true and correct. Executed on this date at Oakland, California.
6  24
      Dated: May ___, 2005                    _Princess Lillian Roberts_
7  25                                          PRINCESS LILLIAN ROBERTS
8
9  Date: November 12, 2004                    _Princess Lillian Roberts_
                                               Princess Lillian Roberts Individually and
10                                             CEO of Mt. Zion Spiritual Temple, Inc., and
                                               Administrator, Estate of Louis H. King
11                                             Narcisse

12  4. The other factual issues *[e.g., service of process, personal jurisdiction, subject matter
13  jurisdiction or venue]* which remain unresolved for the reasons stated below and how
14  the parties propose to resolve those issues:
15       a. Defendant Clinton Killian has filed and served a formal Notice of Unavailability
16  in Alameda County Superior Court on parties for an extended period of time ending in
17  September 2007.
18       b. Defendants answered a similar case to the above Jefferson v. Killian, Case
19  No. CV-0323 WPS-KJM in Sacramento, CA. The judge in that case transferred the
20  matter to the instant court of the Northern District for resolution.
21       c. Plaintiff have not been served with responsive pleadings in the instant case.
22  5. The parties which have not been served and the reasons:
23       a. Plaintiff has served all principal parties, and will dismiss parties not subject to
24  process (foreign countries, municipalities, named erroneously herein, etc.) .
25  6. The additional parties that the below-specified parties intend to join and the intended
26  time frame for such joinder:
27       a. None.
28

1  **PLAINTIFF CONSENT TO MAGISTRATE JUDGE FOR TRIAL TO CONTINUE THE**
2  **MATTERS BELOW FOR A BRIEF TIME UNTIL THE PARTIES ARE ASCERTED AND**
3  **RESPONDED:**
4  7. Parties consent to assignment of this case to a United States Magistrate Judge for
5  *[court or jury] trial:* \_\_\_\_ *Yes* \_\_\_\_ *No [Note: Each party who declines to consent to*
6  *jurisdiction of the magistrate judge must timely file the "Request for Reassignment to a*
7  *United States District Judge for Trial and Disposition," as required by General Order 44.]*
8  ALTERNATIVE DISPUTE RESOLUTION
9  8. The parties have already been assigned *[or the parties have agreed]* to the following
10 court ADR process *[e.g., Nonbinding Arbitration, Early Neutral Evaluation, Mediation,*
11 *Early Settlement Conference with a Magistrate Judge] [State the expected or scheduled*
12 *date for the ADR session]:*
13 9. The ADR process to which the parties jointly request *[or a party separately requests]*
14 referral:
15 DISCLOSURES
16 10. The parties certify that they have made the following disclosures *[list disclosures of*
17 *persons, documents, damage computations and insurance agreements]:* DISCOVERY
18 & MOTIONS
19 11. The parties agree to the following discovery plan *[Describe the plan, e.g., any*
20 *limitation on the number, duration or subject matter for various kinds of discovery;*
21 *discovery from experts; deadlines for completing discovery]:*
22 Discovery Limits
23 Depositions: Pltf._____ Def._____
24 Interrogs.: Pltf._____ Def._____
25 Doc. Req.: Pltf._____ Def._____
26 Req. Adm.: Pltf._____ Def._____
27
28

1  (According to Federal Rules of Civil Procedure and Local Rules, subject to any
2  provisions below)
3  Non-Expert Discovery Cut-off _____
4  Designation of Experts: Pltf._____ Def._____
5  (Parties shall conform to Fed.R.Civ.P. 26(a)(2))
6  Expert Discovery Cut-off_____
7  Dispositive Motions - Last Day for Hearing:_____
8  (Shall be at least 90 days before pretrial conference date)
9  TRIAL SCHEDULE
10  12. The parties request a trial date as follows:
11  13. The parties expect that the trial will last for the following number of days:
12  SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL
13  Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has read
14  the brochure entitled "Dispute Resolution Procedures in the Northern District of
15  California," discussed the available dispute resolution options provided by the court and
16  private entities and has considered whether this case might benefit from any of the
17  available dispute resolution options.
18  Dated: 8/20/07
19  _Dr Eddie C Welborn Private Atty Gen Pro Se_
20  [Typed name and signature of each party and lead trial counsel]
21  Dated: 8/20/07
22  _____
23  [Typed name and signature of each party and lead trial counsel]
24  CASE MANAGEMENT ORDER
25  The Case Management Statement and Proposed Order is hereby adopted by the Court
26  as the Case Management Order for the case and the parties are ordered to comply with
27
28

-6-

1  this Order. In addition the Court orders: *[The Court may wish to make additional orders,*
2  *such as:*
3  *a. Referral of the parties to court or private ADR process;*
4  *b. Schedule a further Case Management Conference;*
5  *c. Schedule the time and content of supplemental disclosures;*
6  *d. Specially set motions;*
7  *e. Impose limitations on disclosure or discovery;*
8  *f. Set time for disclosure of identity, background and opinions of experts;*
9  *g. Set deadlines for completing fact and expert discovery;*
10 *h. Set time for parties to meet and confer regarding pretrial submissions;*
11 *i. Set deadline for hearing motions directed to the merits of the case;*
12 *j. Set deadline for submission of pretrial material;*
13 *k. Set date and time for pretrial conference;*
14 *l. Set a date and time for trial.]*
15 Plaintiff is ordered to serve a copy of this order on any party subsequently joined in this
16 action.
17 Dated: 8/20/07

_____
United States Magistrate Judge

-7-