1  KENNETH R. WACHTEL (State Bar # 73035)
   kwachtel@lpslaw.com
2  JACK V. VALINOTI (State Bar # 214715)
   jvalinoti@lpslaw.com
3  LELAND, PARACHINI, STEINBERG,
      MATZGER & MELNICK, LLP
4  199 Fremont Street, 21st Floor
   San Francisco, California 94105
5  Telephone: (415) 957-1800
   Facsimile: (415) 974-1520
6
7  Attorneys for Defendant INNOVATIVE BANK

8
9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12  BISHOP/QUEEN OF THE WESTERN HEMISPHERE OF THE MT. ZION NATIONAL BOARD OF DIRECTOR MEMBER | CASE NO. C 07-02992 MEJ |
| 13  SPIRITUAL TEMPLE, INC., QUEEN MOTHER LILLIE MAE JEFFERSON BISHOP AND SPIRITUAL HEAD OF THE MT. ZION GETHSEMANE HOUSE OF PRAYER AND SUBSIDIARY CHURCH OF THE MT. ZION SPIRITUAL TEMPLE, INC. OF OAKLAND, CALIFORNIA | **DEFENDANT INNOVATIVE BANK'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS (RULE 12(b)(6)) AND ITS ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT (RULE 12(e))**  Date: November 29, 2007  Time: 10:00 a.m.  Courtroom: B, 15th Floor  Judge: Hon. Maria-Elena James |
| 17  BISHOP GRACE JEFFERSON/MT. ZION NATIONAL BOARD OF DIRECTOR MEMBER NATIONAL BOARD OF DIRECTOR MEMBER | |
| 19  BISHOP BETTY JOHNSON, NATIONAL BOARD OF DIRECTOR MT. ZION SPIRITUAL, INC. | |
| 20  BISHOP GERALD PATTERSON, MT. ZION CHURCH SUPREME COURT CLERK; NATIONAL BOARD OF DIRECTORS MEMBER | |
| 22  KING BISHOP DR. EDDIE C. WELBON, SUCCESSOR, SUPREME LEADER BISHOP LILLIE MAE JEFFERSON BISHOP GRACE JEFFERSON, NATIONAL BOARD OF DIRECTOR MEMBER BISHOP BETTY JOHNSON, NATIONAL BOARD OF DIRECTOR MEMBER QUEEN MOTHER CAROLYN CUNNINGHAM, NATIONAL BOARD OF DIRECTOR MEMBER TENNESSEE BISHOP THEO FRAZIER, NATIONAL BOARD OF DIRECTOR MEMBER | |

{S:\innobk\0008\PLD\519054.DOC}

**DEFENDANT INNOVATIVE BANK'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

LAW OFFICES OF
LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP
199 Fremont Street – 21st Floor
San Francisco, California 94105-2171
Tel (415) 957-1800 • Fax (415) 974-1520

| | |
|---|---|
| 1 | BISHOP GREGORY RICHARDSON, NATIONAL BOARD OF DIRECTOR MEMBER |
| 2 | |
| | PRINCE RAYFORD BULLOCK, CHIEF JUSTICE MT. ZION SUPREME COURT TRIBUNAL SUPREME COURT JUSTICE, MT. ZION CHURCH TRIBUNAL COURT |
| 3 | |
| 4 | |
| | BISHOP WILLIA CANSON, MT. ZION'S NATIONAL BOARD OF DIRECTOR MEMBER ARIZONA |
| 5 | |
| 6 | DUTCHES RUBY HILL, COLORADO MT. ZION'S NATIONAL BOARD OF DIRECTOR MEMBER 714 BLOSSOM WAY, HAYWARD, CALIFORNIA 94541 TEL; 415-504-7813 510-885-1637  FAX: 415-504-7800 |
| 7 | |
| 8 | |
| 9 | Plaintiffs/Petitioners, |
| 10 | |
| | vs. |
| 11 | |
| 12 | CLINTON KILLIAN ATTORNEY |
| | BOB CONNOR |
| 13 | REV. ARTHUR BURNETT |
| | ELOISE MC DANIELS |
| 14 | FRANKLIN HARRIS JR. |
| | LILLIAN ROBERTS |
| 15 | BANK OF AMERICA |
| | INNOVATIVE BANK |
| 16 | BANK OF THE WEST |
| | OAKLAND POST NEWSPAPER GROUP, |
| 17 | PAUL COBB, MGR. EDITOR |
| | THOMAS ORLOFF ALAMEDA COUNTY |
| 18 | DISTRICT ATTORNEY |
| | THE HON. JUDGE CECILIA |
| 19 | CASTELLANOS, ALAMEDA COUNTY SUPERIOR COURT DEPT. 18 |
| 20 | U.S. ATTORNEY |
| | EDMUND G. BROWN, STATE ATTORNEY |
| 21 | GENERAL |
| | CALIFORNIA SECRETARY OF STATE |
| 22 | STEVEN H. BOVARNICK, ESQ. 99361, ATTY AT LAW |
| 23 | EST. LOUIS H. NARCISSE |
| | REAL PARTIES IN INTEREST, |
| 24 | |
| | Defendants/Respondents. |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

{S:\innobk\0008\PLD\519054.DOC}

**DEFENDANT INNOVATIVE BANK'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

This memorandum is submitted on behalf of defendant INNOVATIVE BANK ("Innovative Bank") in support of its motion to dismiss the complaint herein under Rule 12(b)(6) of the Federal Rules of Civil Procedure and in support of its alternative motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure.

## I.

## INTRODUCTION

A complaint is supposed to be a "short and plain statement of the claim." Fed. R. Civ. Proc., Rule 8(a). Though over 140 pages, the complaint in this case is so factually sparse and obtuse that it fails to convey even the most elementary aspects of the claim being made against Innovative Bank.

The *only* mention of defendant Innovative Bank is in paragraph 14:

> Defendant Innovative Bank is an FDIC insured, and Federal Organization "Community Bank" in the Town of Oakland, California, with its principal place of business in the Town of Oakland, and at relevant times maintained the church's business banking accounts.

There are no allegations that Innovative Bank did anything improper. There are no charging allegations against Innovative Bank. There is no prayer for relief against Innovative Bank.

If not dismissed in its entirety, at least the Court should require that the plaintiffs provide some reasonable explanation of their claim so that Innovative Bank can formulate a response to it.

## II.

## PLEADINGS MUST GIVE "FAIR NOTICE" OF "THE GROUNDS ON WHICH THE CLAIM IS BASED"

A complaint must give the defendant "fair notice of what the plaintiff's claim is *and the grounds upon which it rests.*" *Conley v. Gibson*, 355 U.S. 41, 47 (1957) [emphasis added]; see also *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Rule 8(a) of the Federal Rules of Civil Procedure calls for a "short and plain" statement of the claim.

The complaint must contain enough information to inform the defendant of the nature of the claim being made. "[A] complaint, which contains a 'bare bones' allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice. *Walker v. South Cent. Bell. Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990)." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). Moreover, "[t]he admonishment to liberally construe plaintiff's claim when evaluating a Rule 12(b)(6) dismissal does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions." *Sogevalor v. Penn Cent. Corp.*, 771 F. Supp. 890, 893 (S.D. Ohio 1991) (citation omitted). "[A] complaint . . . must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984), *cert denied*, 470 U.S. 1054 (1985)); *Lewis v. ACB Business Services, Inc.* 135 F.3d 389, 405-406 (6th Cir. 1998). This is lacking here.

When the complaint asserts a violation of a statute, especially a civil rights violation, it is not too much to ask that the complaint explain how the wrong occurred and what statute it violates. "While the line between matters which are appropriately pleaded (as opposed to those which are better left for later stages of the proceedings) is not distinct, a pleader should make a clear and coherent presentation of factual allegations within the framework of the statute relied upon." *Essex Intern., Inc. v. Industra Products, Inc.*, 64 F.R.D. 361, 363 (N.D. Ind. 1974). In *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991), the complaint was dismissed because, although it included the language of the applicable civil rights statute, it did not make any specific factual allegations to support a claim of discrimination. *See generally, United Housing Foundation, Inc. v. New York*, 421 U.S. 837, 860 n.27 (1975); *Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 879 (M.D. Fla 1996).

A complaint that does not provide "fair notice" to defendant of the claims asserted and the basis for those claims does not state a claim under Rule 12(b)(6). "[T]here is a limit to the indulgence of the law and even a pro se complaint is subject to dismissal if the pleading fails to reasonably inform the adverse party of the basis for the cause of action." *In re "Santa Barbara*

*Like It Is Today" Copyright Infringement Litigation*, 94 F.R.D. 105, 107 (D.C. Nev. 1982). At a minimum, such a complaint should be dismissed without prejudice, or an order for a more definite statement, under Rule 12(e), should be entered.

The complaint in this case fails to meet the basic requirements set forth above.

### III.
### THE CLAIMS ASSERTED IN THE COMPLAINT FAIL TO STATE A CLAIM AGAINST INNOVATIVE BANK AND FAIL TO PROVIDE "FAIR NOTICE"

The complaint is a mishmash of exhibits, pleadings from other cases, driving directions and property descriptions. There is not one charging allegation against Innovative Bank. Innovative Bank does not deny it is FDIC insured and for some period maintained accounts with Mt. Zion Spiritual Temple, Inc. as the accountholder. But then what? There are no allegations sufficient to give Innovative Bank a hint of why it is being brought before this Court in this action.

### IV.
### OTHER ISSUE RAISED BY THE COMPLAINT

A. **The Complaint Violates And Contradicts A Prior Issued State Court Order**

The Honorable Judge Cecilia Castellanos presided over the Alameda County Superior Court case entitled *Dr. Eddie C. Welbon v. Mount Zion Spiritual Temple, Inc., Estate of Louis H. Narcisse; and Princess Lillian Roberts* (Alameda County Superior Court Action RG-05-199540; RG-05-227003 Consolidated). Judge Castellanos issued her Judgment After Court Trial on February 7, 2007 – <u>prior</u> to the filing of the complaint in this action.[1]

In the Judgment After Court Trial, Judge Castellanos enjoined Eddie C. Welbon, Rayford Bullock, and Lillie Mae Jefferson – all plaintiffs in this case – (and others) from:

---

[1] Innovative Bank respectfully requests that this Court take judicial notice of the Judgment After Court Trial issued by Judge Castellanos in the case entitled *Dr. Eddie C. Welbon v. Mount Zion Spiritual Temple, Inc., Estate of Louis H. Narcisse; and Princess Lillian Roberts* (Alameda County Superior Court Action RG-05-199540; RG-05-227003 Consolidated). *See* Innovative Bank's Request for Judicial Notice, Exhibit 1.

{S:\innobk\0008\PLD\519054.DOC}    3

DEFENDANT INNOVATIVE BANK'S BRIEF IN
SUPPORT OF ITS MOTION TO DISMISS

> Using the name "MT. ZION SPIRITUAL TEMPLE INC.," in any manner whatsoever in or for any purpose, on any documents or any letterhead creating any corporation using the name of MT. ZION SPIRITUAL TEMPLE, INC., or representing themselves as MT. ZION SPIRITUAL TEMPLE, INC., on letterhead, stationery, pleadings or in any attempt to transfer, sell and/or access property, bank accounts, or any other property owned by MT. ZION SPIRITUAL TEMPLE, INC., and in any manner attempting to hold themselves out as MT. ZION SPIRITUAL TEMPLE, INC.

By filing this complaint a mere nine (9) days after Judge Castellanos issued her Judgment After Court Trial, said plaintiffs have intentionally violated the clear meaning and intent of that injunction. *See, e.g.,* complaint paragraph 19.

Judge Castellanos further ruled as follows:

> The court makes a judicial determination that EDDIE C. WELBON, RAYFORD BULLOCK, LEON ROUNDTREE, JR., OROBO OSAGIE, LILLIE MAE JEFFERSON and any of their agents, servants, employees, successors, representatives, associates, assignees, and any and all persons acting in concert or participating with them are not now, and have never been, legitimate members or board members of MT. ZION SPIRITUAL TEMPLE, INC.
>
> The court makes a judicial determination that any and all actions taken by EDDIE C. WELBON, RAYFORD BULLOCK, LEON ROUNDTREE, JR., OROBO OSAGIE, LILLIE MAE JEFFERSON and any of their agents, servants, employees, successors, representatives, associates, assignees, and any and all persons acting in concert or participating with them, using the name MT. ZION SPIRITUAL TEMPLE, INC., or any form thereof, are declared null and void and have no legal force and effect;
>
> The court makes a further judicial determination that any and all documents executed by EDDIE C. WELBON, EDDIE WELBON, RAYFORD BULLOCK, LEON ROUNDTREE, JR., OROBO OSAGIE, LILLIE MAE JEFFERSON and any of their agents, servants, employees, successors, representatives, associates, assignees, and any and all persons acting in concert or participating with them purporting to be on behalf of MT. ZION SPIRITUAL TEMPLE, INC., or using the name MT. ZION SPIRITUAL TEMPLE, INC., or any portion thereof, are declared null and void and without any legal force and effect.

The allegations in the complaint in this case, to the extent they are understandable, fly in

{S:\innobk\0008\PLD\519054.DOC}    4

DEFENDANT INNOVATIVE BANK'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

the face of the Judgment After Court Trial issued by Judge Castellanos. This is not the venue to attack Judge Castellanos' Judgment After Court Trial. There are no grounds stated in the complaint herein to justify a collateral attack where direct attack in the California Appellate courts is available.

V.

**CONCLUSION**

For all of the foregoing reasons, the complaint in this action should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to state a claim against defendant Innovative Bank and fails to provide fair notice to Innovative Bank of plaintiffs' alleged claims against it. In the alternative, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, the plaintiffs should be required to provide a more definite statement of the claims they allege against Innovative Bank.

DATED: October ___, 2007

LELAND, PARACHINI, STEINBERG,
MATZGER & MELNICK, LLP

By: _____
Kenneth R. Wachtel
Attorneys for Defendant
INNOVATIVE BANK

{S:\innobk\0008\PLD\519054.DOC}         5
DEFENDANT INNOVATIVE BANK'S BRIEF IN
SUPPORT OF ITS MOTION TO DISMISS

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 199 Fremont Street - 21st Floor, San Francisco, California 94105.

On October 10, 2007, I served the following document(s) described as DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS (RULE 12(b)(6) AND ITS MOTION FOR A MORE DEFINITE STATEMENT (RULE 12(e)) on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Leland, Parachini, Steinberg, Matzger & Melnick's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 10, 2007, at San Francisco, California.

_____
Janice P. Anderson

{S:\innobk\0008\PLD\519054.DOC}

DEFENDANT INNOVATIVE BANK'S BRIEF IN
SUPPORT OF ITS MOTION TO DISMISS

# SERVICE LIST
JEFFERSON et al. v. KILLIAN, et al.
U.S. District Court, Northern District of California
Civil Case No. C 07-02992 MEJ

<u>PLAINTIFFS</u>

Lilli Mae Jefferson
3400 12th Street
Sacramento, CA 95817

Betty Johnson
c/o Lilli Mae Jefferson
3400 12th Street
Sacramento, CA 95817

Gerald Patterson
c/o Lilli Mae Jefferson
3400 12th Street
Sacramento, CA 95817

Eddie C. Welborn
c/o Lilli Mae Jefferson
3400 12th Street
Sacramento, CA 95817

Grace Jefferson
c/o Lilli Mae Jefferson
3400 12th Street
Sacramento, CA 95817

Carolyn Cunningham
c/o Lilli Mae Jefferson
3400 12th Street
Sacramento, CA 95817

Theo Frazier
c/o Lilli Mae Jefferson
3400 12th Street
Sacramento, CA 95817

Gregory Richardson
c/o Lilli Mae Jefferson
3400 12th Street
Sacramento, CA 95817

Rayfold Bullock
c/o Lilli Mae Jefferson
3400 12th Street
Sacramento, CA 95817

Willia Canson
c/o Lilli Mae Jefferson
3400 12th Street
Sacramento, CA 95817

Ruby Hill
705 Hunter Drive, #1005
Pueblo, CO 81001

<u>DEFENDANTS</u>

Clinton Killian
Law Offices of Clinton Killian
1814 Franklin Street, Suite 805
Oakland, CA 94612

Bob Connor *

Arthur Burnett *

Eloise McDaniels *

Franklin Harris, Jr. *

Lillian Roberts *

Bank of America
Office of the General Counsel
1000 W. Temple Street
CA9-705-05-07
Fifth Floor
Los Angeles, CA 90012

Bank of the West
Office of the General Counsel
P.O. Box 4008
Concord, CA 94524

{S:\innobk\0008\PLD\519054.DOC}

DEFENDANT INNOVATIVE BANK'S BRIEF IN
SUPPORT OF ITS MOTION TO DISMISS

LAW OFFICES OF
LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP
199 Fremont Street – 21st Floor
San Francisco, California 94105-2171
Tel (415) 957-1800 • Fax (415) 974-1520

| | |
|---|---|
| Oakland Post Newspaper Group<br>Paul Cobb, Managing Editor<br>405 14th Street, Suite 1215<br>Oakland, CA 94612 | Thomas Orloff<br>Alameda County District Attorney<br>Courthouse<br>1225 Fallon Street, #900<br>Oakland, CA 94612 |
| Judge Cecilia Castellanos<br>Alameda County Superior Court<br>1225 Fallon Street, #900<br>Oakland, CA 94612 | Edmund G. Brown<br>State Attorney General<br>California Department of Justice<br>P.O. Box 944255<br>Sacramento, CA 94244-2550 |
| California Secretary of State<br>1500 11th Street<br>Sacramento, California 95814 | Steven H. Bovarnick<br>Attorney at Law<br>345 Grove Street<br>San Francisco, CA 94102 |

\* Not served - address unknown.

{S:\innobk\0008\PLD\519054.DOC}

DEFENDANT INNOVATIVE BANK'S BRIEF IN
SUPPORT OF ITS MOTION TO DISMISS